UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

LAUDERDALE TOWING & SALVAGE, INC.
d/b/a SEA TOW FORT LAUDERDALE,

     Petitioner,

v.

SKYE MOLINEUX and LOGAN MOLINEUX, *in
personam*, and SKYES THE LIMIT, a 2021 33'
Conch Motor Vessel with Hull Identification
Number OQL3038I021, *in rem*,

     Respondents.

Case No. 24-cv-61094

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Lauderdale Towing & Salvage, Inc. d/b/a Sea Tow Fort Lauderdale, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby petitions the Court for entry of a Final Judgment confirming the Arbitration Award entered by Stephen H. Busch of the Society of Maritime Arbitrators against Respondents, Skye Molineux and Logan Molineux, *in personam*, and Skyes The Limit, a 2021 33' Conch Motor Vessel with Hull Identification Number OQL33038I021, *in rem*, and as grounds in support thereof, states:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this petition based on Section 9 of the Federal Arbitration Act (federal question jurisdiction) and 28 U.S.C. § 1333 (admiralty and maritime jurisdiction).

2.    Petitioner, Lauderdale Towing & Salvage, Inc. d/b/a Sea Tow Fort Lauderdale, is a Florida corporation located at 3001 West State Road 84, Fort Lauderdale, Florida 33312.

4.     Respondent, Skye Molineux, is a Florida resident located at 2356 N.E. 25th Street, Lighthouse Point, Florida 33064.

5.     Respondent, Logan Molineux, is a Florida resident located at 2356 N.E. 25th Street, Lighthouse Point, Florida 33064.

6.     Respondent, Skyes The Limit, is a 2021 33' Conch Motor Vessel with Hull Identification Number OQL33038I021 located within the Southern District of Florida.

7.     This Court is the proper venue for addressing this petition based on Section 9 of the Federal Arbitration Act.

8.     All conditions precedent to filing this petition have been satisfied or waived.

## BACKGROUND

9.     A dispute arose between Petitioner and Respondents related to maritime salvage services performed on November 19, 2024 in Pompano Beach, Florida.

10.     Petitioner and Respondents submitted their dispute to the Society of Maritime Arbitrators (hereinafter, the "SMA") based on the mandatory arbitration clause contained in the salvage agreement signed by the parties and/or their authorized representatives. The salvage agreement is attached hereto as **Exhibit "A"**.

11.     The mandatory arbitration clause states:

This Agreement shall be governed by and construed in accordance with the Federal Maritime Law of the United States. Any dispute arising out of this Agreement shall be referred to arbitration in the United States in accordance with the applicable Arbitration Rules of the Society of Maritime Arbitrators. Any award made hereunder may include interest, attorney fees and costs, and shall be final and binding. For the purpose of enforcement, the Award may be entered for judgment in any court of competent jurisdiction.

12.     Pursuant to the Arbitration Rules, Stephen H. Busch (hereinafter, "Busch") was appointed the sole arbitrator by the President of the SMA on January 11, 2024.

13.     Busch accepted the appointment and established deadlines for the parties to submit their respective arbitration statements on January 13, 2024.

14.     Petitioner submitted its arbitration statement on February 12, 2024.

15.     Respondents submitted their arbitration statement on March 15, 2024.

16.     Petitioner submitted its rebuttal on April 2, 2024.

17.     Busch closed the arbitration proceeding on April 12, 2024.

18.     Busch issued his decision and final award on June 17, 2024 (hereinafter, the "Arbitration Award"). The Arbitration Award is attached hereto as **Exhibit "B"**.

19.     Busch found in favor of Petitioner and directed Respondents to pay the sum of Fifty-Nine Thousand Nine Hundred Ninety-Three Dollars and Sixty-Five Cents ($59,993.65).

20.     In addition, Busch awarded interest to Petitioner on the principal sum of Thirty-Two Thousand Four Hundred and Fifty-Two Dollars ($32,452.00) at 8.5% per annum from June 17, 2024 to the date the foregoing amount is paid or reduced to judgment.

21.     The Arbitration Award was made in accordance with the salvage agreement and the applicable arbitration rules and is proper in all respects.

22.     No application has been made for the correction, vacation, or modification of the Arbitration Award.

## **PRAYER FOR RELIEF**

23.     In light of the foregoing, Petitioner requests that the Court enter Final Judgment confirming the Arbitration Award.

24.     Section 9 of the Federal Arbitration Act states:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed by Section 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

25.     The salvage agreement in this case states that the Arbitration Award may be confirmed by "any court of competent jurisdiction."

26.     This Court has the requisite jurisdiction to enter Final Judgment confirming the Arbitration Award based on the location of the dispute and the residency and/or location of the respective parties. *See, e.g., McGregor & Werner, Inc., et al. v. Motion Picture Laboratory Technicians Local 780, et al.* , 806 F.2d 1003 (11th Cir. 1986).

27.     For the reasons set forth above, the Court should exercise its ministerial power granted by Section 9 of the Federal Arbitration Act and enter Final Judgment confirming the Arbitration Award, and all additional relief the Court deems just and proper.

Dated:  June 22, 2024

Respectfully submitted,

FIORILLI LAW GROUP, P.A.
Attorneys for Petitioner
3001 West State Road 84, Third Floor
Fort Lauderdale, Florida 33312
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

*/s/ Justin S. Fiorilli*
**JUSTIN S. FIORILLI, ESQ.**
FL Bar No. 111481